UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KURT J. KEMP, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:21-cv-01221-JMS-DML |
| | ) |
| SEVIER Mr., Warden, | ) |
| THEODORE ROKITA Attorney General of Indiana, | ) |
| | ) |
| Respondents. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Kurt J. Kemp filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his Indiana state court convictions for seven counts of child exploitation. Kemp alleges that his conduct—posting comments on a website—is constitutionally protected free speech. The respondent moves to dismiss on the basis that Kemp procedurally defaulted the claim. For the following reasons, the motion to dismiss, dkt. [6], is **granted**.

**I.   Background**

**A.   Facts and Guilty Plea Proceedings**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Court of Appeals summarized the relevant facts as follows:

> In July through October 2016, Kemp posted seven different comments using the username Naughtyhusband2013 on the pornographic website cumonprintedpics.com. He posted these comments on a specific thread titled

1

> "cuties to cum on[,]" which contained twenty-nine different photographs of children under the age of eighteen with exposed genitals or breasts.
>
> Between January 1, 2014, and July 30, 2016, without his wife's knowledge or consent, Kemp took five photographs of her with her buttocks or genital area exposed and posted these photographs on cumonprintedpics.com.
>
> In October 2016, the State charged Kemp with seven counts of level 5 felony child exploitation, twenty-nine counts of level 6 felony possession of child pornography, and five counts of level 6 felony voyeurism. In February 2017, Kemp and the State entered into a plea agreement, in which Kemp agreed to plead guilty to all forty-one counts. The plea agreement provided that the sentences imposed on the child exploitation counts be concurrent with each other, the sentences imposed on the possession of child pornography counts be concurrent with each other, and the sentences imposed on the voyeurism counts be concurrent to each other. The plea agreement left to the trial court's discretion the length of the sentences and whether the three groups of concurrent sentences would be consecutive to or concurrent with one another. The trial court held a guilty plea hearing, and Kemp pled guilty pursuant to the plea agreement. The trial court accepted Kemp's guilty plea and scheduled a sentencing hearing.

*Kemp v. State*, 96 N.E.3d 122, 2018 WL 504878, *1 (Ind. Ct. App. Jan. 23, 2018) (internal record citations omitted) (in the record at docket 6-5).

After his guilty plea hearing, Kemp sent a letter to the trial court asking to withdraw his plea and fire his court-appointed counsel. *Id.* He claimed that (1) counsel misinformed him that he deposed Kemp's daughter and his parents did not support him and (2) counsel pressured him into accepting the plea by warning him that if he went to trial and lost, he faced 120 years in prison. *Id.* at *2. Counsel then moved to withdraw from the case and filed a verified motion to withdraw guilty plea. *Id.* Under Indiana law, a guilty plea can be withdrawn before sentencing "for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. However, the court shall allow the defendant to withdraw his plea whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice." *Id.* (quoting Indiana Code Section 35-35-1-4(b)).

New counsel was appointed, and a hearing was held on the motion to withdraw Kemp's guilty plea. Kemp's original public defender testified that he told Kemp that he spoke with Kemp's daughter and did not believe her testimony would be helpful, and he never spoke to Kemp's parents. *Id.* At the hearing, Kemp admitted that the advisement about the penalties he faced was true but "very intimidating." *Id.* The trial court credited counsel's testimony over Kemp's and concluded that Kemp failed to show fair and just reasons for withdrawal of the plea or that withdrawal was necessary to correct a manifest injustice. *Id.*

At Kemp's sentencing hearing, the trial court imposed concurrent sentences of six years for the child exploitation convictions, concurrent sentences of two and a half years for the possession of child pornography convictions, and concurrent sentences of two and a half years for the voyeurism convictions and ordered that the three groups of concurrent sentences be served consecutively for an aggregate term of eleven years. *Id.*

### B. Direct Appeal

On appeal, Kemp argued that the withdrawal of his guilty plea was necessary because it would be manifestly unjust to allow his convictions of child exploitation to stand. *Id.* at *3. Indiana Code Section 35-42-4-4(b)(2) provides that a person who "knowingly or intentionally disseminates, exhibits to another person, offers to disseminate or exhibit to another person, or sends or brings into Indiana for dissemination or exhibition matter that depicts or *describes* sexual conduct by a child under eighteen (18) years of age" commits child exploitation. *Id.* (emphasis added). Kemp argued that posting messages on a child pornography thread failed to satisfy the statutory definition of child exploitation under that section, and that the statute is constitutionally

overbroad as applied to his conduct.[1] *Id.* As to the second argument, Kemp argued that posting comments on a website underneath a pornographic image is protected speech under the First Amendment because the comments merely describe sexual acts but do "not involve live performance or photographic or other visual reproduction of live performances." *See* dkt. 6-3 at 18−21 (quoting *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249 (2002) and citing *New York v. Ferber*, 458 U.S. 747 (1982), and *Miller v. California*, 413 U.S. 15 (1972)).

The Indiana Court of Appeals found the arguments were waived because "Kemp did not present either of these arguments to the trial court, and therefore an adequate factual record has not been developed for [the court] to engage in a thorough analysis of his arguments." *Id.* (citing *Johnson v. State*, 879 N.E. 2d 649, 654 (Ind. Ct. App. 2008) ("Generally, a challenge to the constitutionality of a criminal statute must be raised by a motion to dismiss prior to trial, and the failure to do so waives the issue on appeal.")). Kemp raised the same issues in a petition to transfer to the Indiana Supreme Court, dkt. 6-7, which was denied, dkt. 6-2 at 5.

Kemp filed a petition for post-conviction review but subsequently moved to dismiss it. Dkt. 6-9 at 1−2. The petition was withdrawn without prejudice. *Id.* at 2.

Kemp next filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court, alleging that his child exploitation convictions violate the First Amendment because his comments were protected speech.[2] Dkt. 1 at 2. He requested that the Court declare Indiana Code § 32-42-4-4(b)(2) unconstitutional and vacate his seven convictions for child exploitation. *Id.* at 5. The respondent moved to dismiss, arguing that Kemp has defaulted his First Amendment claim. Dkt. 6.

---

[1] The comments are recited in full in the State's appellate brief. Dkt. 6-4 at 9. Using vulgar language, Kemp reported having sex with underage girls, stated he wanted to have sex with and impregnate other underage girls, and stated that he wanted to watch other men masturbate while they observed underage girls.

[2] Kemp does not challenge his convictions for voyeurism or possession of child pornography. Dkt. 1.

## II. Applicable Law

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Put differently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). If the last reasoned state court decision did not adjudicate the merits of a claim, or if the plaintiff can overcome § 2254(d)'s bar, federal habeas review of that claim is *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766−68 (7th Cir. 2015).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014). Or a claim may be procedurally defaulted "if the relevant state court's disposition of the claim rests on a state law ground that is adequate and independent of the merits of the federal claim." *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021).

5

### III.    Discussion

Kemp defaulted his constitutional challenge to Indiana Code 35-42-4-4(b) because the Indiana Court of Appeals decided the claim based on waiver, an adequate and independent state law ground.[3] *See Layman v. State*, 42 N.E.3d 972, 976 (Ind. 2015) (failure to raise constitutional claim at trial court level waives claim for appellate review); *Richardson*, 745 F. 3d at 271 (waiver is adequate and independent state law ground). Thus, Kemp cannot obtain relief on his procedurally defaulted First Amendment claim without showing either (1) "cause and prejudice" to excuse the default or (2) "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.2d 476, 483 (7th Cir. 2013); *see also Salberg v. United States*, 969 F.3d 379, 381 (7th Cir. 1992) (failure to properly raise a constitutional challenge at trial or on direct appeal bars a petitioner from raising it in a habeas proceeding absent a showing of cause and prejudice).

Kemp has not shown cause to excuse his default. "Cause is defined as an objective factor, external to the defense, that impeded the defendant's effort to raise the claim in an earlier proceeding. Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) (cleaned up). Kemp argues that the procedural default should be excused because he is a pro se petitioner and "was never advised that he had waived his free speech rights at any time. Petitioner's plea has no waiver of his 1st Amendment rights in writing or on the record." Dkt. 9 at 2−3. But his lack of knowledge was not external to the defense. *Johnson*, 786 F.3d at 506 (providing as examples of cause a prison official's confiscation of legal materials, or a prisoner being housed out of state with little access to the relevant state's procedural rules). And to the extent that Kemp faults his trial attorneys for

---

[3] The Court need not address Respondent's first argument—that Kemp failed to fairly present his constitutional claim in state court.

failing to advise him that by pleading guilty he would waive any First Amendment challenge, such a claim should have been raised as an ineffective assistance claim in state post-conviction proceedings. *See Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) ("[T]he assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted.") (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)).

"To demonstrate a fundamental miscarriage of justice, a petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]'" *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "A claim of innocence must be both credible and founded on new evidence. To be credible, the claim must have the support of 'reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Arnold v. Dittman*, 901 F.3d 830, 836 (7th Cir. 2018). And evidence is only new if it was not previously before the trier of fact. *Id.* Kemp does not cite any new evidence. Rather, he raises the same constitutional claim that he presented to the Indiana Court of Appeals on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (For the miscarriage of justice exception, "'actual innocence' means factual innocence, not legal insufficiency.").

Because Kemp's claims are procedurally defaulted and he has not overcome the default, the respondent's motion to dismiss, dkt. [6], is **GRANTED**. The petition for a writ of habeas corpus is **DISMISSED with prejudice**. Judgment consistent with this Order shall now issue.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue for a claim resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree that Kemp has procedurally defaulted his First Amendment claim, and nothing about the claim deserves encouragement to proceed further.

The Court therefore **DENIES** a certificate of appealability.

## V. Conclusion

Because Kemp's First Amendment claim is procedurally defaulted, the respondent's motion to dismiss, dkt. [6], is **GRANTED**, and the petition is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Date: 10/13/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KURT J. KEMP
266745
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov